IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARATHON PETROLEUM COMPANY, LLC,

                Plaintiff,                Case No. 3:09 CV 2280

-vs-

                                          MEMORANDUM OPINION

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et al.,

                Defendant.

KATZ, J.

       This matter is before the Court on the Plaintiff's Motion to Remand (Doc. 9). The motion will be granted.

       This case was removed to this Court from the Court of Common Pleas of Hancock County, Ohio, on October 2, 2009. Plaintiff timely filed its Motion to Remand on October 20, 2009, within the 30-day time limit for filing such motions established by 28 U.S.C. § 1447(c). Plaintiff argues that there is not, and has never been, complete diversity of citizenship among the parties to this action, as required by 28 U.S.C. § 1332. That argument is well taken.

       The Plaintiff, Marathon Petroleum Company, is a limited liability company. A limited liability company is not treated as a corporation for diversity purposes. Instead, like a partnership, a limited liability company has the citizenship of its members. *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed.Appx. 731, 732 (6th Cir. December 3, 2002).

       Marathon Petroleum Company is composed of two members: Marathon Oil Company and Marathon Domestic LLC. Marathon Domestic, in turn, has a single member: Marathon Oil Downstream, Ltd. Marathon Oil Downstream is a Delaware corporation with its principal place of business in Texas. The Plaintiff in this action is therefore a citizen of Delaware. One of the

defendants in this case, Lexington Insurance Company, is incorporated under the laws of Delaware, and is thus also a Delaware citizen. Complete diversity in this case therefore does not exist.

Moreover, the hoary "forum doctrine", which held that if a corporation was incorporated in more than one state, it was considered a citizen only of the state of the forum in which the action was brought, is widely recognized as having been overruled by 1958 amendments to § 1332. See *Delphi Automotive Systems, LLC v. Segway, Inc.*, 519 F.Supp.2d 662, 665-668 (E.D. Mich. 2007). Therefore, the "forum doctrine" cannot save federal jurisdiction in this case.

The Motion to Remand (Doc. 9) is granted. This case is therefore remanded to the Hancock County Court of Common Pleas, in accordance with 28 U.S.C.A. § 1447(c). The remaining motions pending at present in this case (see Docs. 13, 25, and 26) are denied as moot.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE